# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**RODNEY DION READY, # 46987**             **PLAINTIFF**

**v.**             **CAUSE NO. 1:19CV40-LG-RHW**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS**             **DEFENDANT**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case is before the Court *sua sponte*. *Pro se* Plaintiff Rodney Dion Ready is incarcerated with the Mississippi Department of Corrections ("MDOC"), and he brings this action challenging the calculation of his prior sentences. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

## FACTS AND PROCEDURAL HISTORY

Ready is currently serving a total of six years from 2018 convictions in Jackson County, Mississippi for possession of methamphetamine, receipt of stolen property, and commercial burglary. *Ready v. Welton*, 1:18cv282 (S.D. Miss. Mar. 13, 2019); (Compl. at 5). However, he complains about prior sentences handed down in 2010 in Harrison County, Mississippi for grand larceny and auto theft. Specifically, he alleges that even though he was sentenced to a total of eight years on the 2010 convictions, he served eight years and nine months combined prison and probation time. Additionally, he claims he was denied credits for good time and Meritorious Earned Time that he had earned on his 2010 sentences. After

receiving credit for time served pretrial, he contends he was finally released from the prior sentences in 2017.

Plaintiff brings this action, specifically invoking 42 U.S.C. § 1983. He seeks damages, and since he is no longer in custody on his 2010 sentences, he seeks earlier release on his current sentences.

## DISCUSSION

S<small>ECTION</small> 1983

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court. The statute provides in pertinent part that, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of

process or before the filing of the answer." *Id.* The Court has permitted Ready to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

A claim that challenges the fact or duration of a state conviction or sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). In such a case, a "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "*Heck* applies to proceedings which call into question the fact or duration of parole" and probation. *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995). Where success on the claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82.

Ready claims that MDOC miscalculated his prior sentences, subjecting him to serve longer than he otherwise should have. Success on these claims will necessarily invalidate the length of his previous sentences. Therefore, the case may only proceed if he proves the sentence calculations have already been invalidated. He admits that they have not.

Because the sentence calculations have not yet been invalidated, Ready is

3

precluded by *Heck* from challenging them in this civil action at this time. The § 1983 claims are therefore dismissed with prejudice for failure to state a claim, until such time as he successfully has the sentence calculations invalidated, via appeal, post-conviction relief, habeas corpus, or otherwise. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

HABEAS

Construing Ready's pro se Complaint liberally, the Court finds that he is also making habeas claims. This is because he seeks speedier release from his present sentences. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

Before Ready can pursue the habeas claims in this Court, he must exhaust his available state remedies. 28 U.S.C. § 2254(b)(1)(A). This gives "the States the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). In order to exhaust his claims for habeas relief, he is required to seek relief from the highest court of the State. *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999). Although Ready claims to have pursued his administrative remedies, he does not allege that he has brought his case before the Mississippi Supreme Court. For this reason, the Court declines to sever the habeas claims into a separate action at this time. Rather, the habeas claims will be dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the foregoing

reasons, the 42 U.S.C. § 1983 claims are **DISMISSED WITH PREJUDICE** for failure to state a claim until such time as pro se Plaintiff Rodney Dion Ready demonstrates that the sentence calculations have been invalidated, via appeal, post-conviction relief, habeas corpus, or otherwise.

**IT IS FURTHER ORDERED AND ADJUDGED** that the habeas claims are **DISMISSED WITHOUT PREJUDICE**. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 15th day of May, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE